Opinion issued October 14, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01081-CR

———————————

Toddrick Brown, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 263rd Court 

Harris County, Texas



Trial Court Case No. 1204628

 



MEMORANDUM OPINION

Appellant,
Toddrick Brown, entered a plea of guilty for the felony offense of burglary of
a habitation, see Tex. Penal Code. Ann. § 30.02 (Vernon
2003), and the trial court deferred adjudication of guilt and placed appellant
on five years’ community supervision and a $400 fine.  The State later moved to adjudicate guilt
based on several alleged violations of the conditions of appellant’s community
supervision.  The trial court found the
allegations of the State’s motion to be true, adjudicated appellant guilty, and
assessed appellant’s punishment at five years’ confinement and a $400 fine.  

In appellant’s sole point of error,
appellant contends that the court’s assessment of five years’ confinement violates
the Eighth Amendment of the United States Constitution because the term is
disproportionate to the crime committed by appellant. We affirm.

CRUEL AND UNUSUAL PUNISHMENT

Appellant argues that his
punishment was so disproportionate to his crimes that it constituted cruel and
unusual punishment under the Eighth Amendment.  To preserve for appellate review a complaint
that a sentence is grossly disproportionate, constituting cruel and unusual
punishment, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling desired.  See Tex. R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 119–20
(Tex. Crim. App. 1996).  Here, there is
no record that after the trial court announced its sentence at the punishment stage,
appellant made an objection to the trial court about the punishment assessed or
that he asserted his claim under the Eighth Amendment.  In addition, appellant did not move for a new
trial.  Accordingly, we hold that
appellant has waived his cruel-and-unusual- punishment complaint.  See Ladd
v. State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999) (concluding that
defendant did not preserve cruel and unusual punishment complaint for appellate
review because he failed to object to sentence).

Accordingly, we overrule appellant’s
sole point of error.

CONCLUSION

We affirm the judgment of the trial court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists
of Chief Justice Radack and Justices Massengale and Mirabal.[1]

 

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
              The
Honorable Margaret Garner Mirabal, Senior Justice, Court of Appeals for the
First District of Texas, participating by assignment.